**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2410
_____

RICHMOND OZOBIA EJIOFOR,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A76-155-383)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 23, 2010
Before:  SLOVITER, CHAGARES and WEIS, <u>Circuit</u> <u>Judges</u>

Opinion filed: September 28, 2010
_____

OPINION
_____

PER CURIAM.

        Richmond Ozobia Ejiofor, a native and citizen of Nigeria, entered the

United States in 1999.  He conceded the subsequent charge of removability under 8

U.S.C. § 1182(a)(7)(A)(i)(I) and applied for asylum, withholding of removal, and relief

1

under the Convention Against Torture ("CAT").  The Immigration Judge ("IJ") made an adverse credibility determination and denied Ejiofor's applications for relief from removal.  The Board of Immigration Appeals ("BIA") affirmed the IJ's decision.  Ejiofor presents a petition for review.

We have jurisdiction over Ejiofor's petition under 8 U.S.C. § 1252.  We review factual findings, like an adverse credibility determination, for substantial evidence.  See Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005).  We evaluate whether a credibility determination was "appropriately based on inconsistent statements, contradictory evidence, and inherently improbable testimony . . . in view of the background evidence of country conditions."  Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir. 2004).  We afford an adverse credibility finding substantial deference, so long as the finding is supported by sufficient, cogent reasons.  See Butt, 429 F.3d at 434.  Because the adverse credibility determination in this case was supported by sufficient, cogent reasons, we will deny the petition for review.

First, there is a significant inconsistency between the reason that Ejiofor gave during his airport interview for seeking asylum and the claims he subsequently presented.  We recognize that we have cautioned against putting too much weight on the airport interview; however, discrepancies between an airport interview and a petitioner's testimony that go to the heart of the claim may support an adverse credibility determination.  See, e.g., Chen, 376 F.3d at 223-24.  In this case, Ejiofor, who stated at

2

the airport that he had entered the United States to attend a cultural extravaganza, initially said that he feared returning to Nigeria because he had disgraced his country by entering the United States with a visa that was not genuine. R. 196-99. At his credible fear interview, in his asylum application, and at his hearing, Ejiofor's asserted basis for his fear was markedly different, as it was based on alleged past arrests and mistreatment for activities as a member of the Niger Delta Forum.

Furthermore, there were inconsistencies between Ejiofor's accounts of mistreatment. For instance, at his hearing, he detailed an arrest and described the resulting harrowing month-long detention in 1999 as the "most devastating experience . . . in [his] life." R. 101. He also included an account of the experience in his asylum application. R. 218. However, he did not mention the incident in the account he gave during his credible fear interview. R. 181-87. At his hearing, Ejiofor did not provide a reason why he did not mention it. R. 125. Another inconsistency was Ejiofor's varying report of the date on which he last saw his wife. He testified that she went missing or was kidnapped by government agents on a Saturday in July 1999, R. 105-06, but stated at his credible fear interview that she was abducted on June 26, 1999, R. 186.

Given the inconsistencies, the record does not compel a conclusion contrary to the one reached by the agency. We have considered Ejiofor's other arguments, and to the extent that they are exhausted so that we may consider them, see Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005), we conclude that they are without merit.

Accordingly, we will deny the petition for review.